JUDGE SCHEINDLIN

10 CIV 02652-SAS / ECF CASE



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

SANFORD A. HABER, NEIL J. GREENSPAN,
JOSEPH L. ARENA, and KURT A. LOCHER,

PETITIONERS,

v.

GSI COMMERCE SOLUTIONS, INC.,

RESPONDENT.

------------------------------------------------------------ X

RECEIVED
MAR 24 2010
U.S.D.C. S.D.N.Y.
CASHIERS

**PETITION
TO CONFIRM
AN ARBITRATION
AWARD**

Petitioners Sanford A. Haber, Neil J. Greenspan, Joseph L. Arena, and Kurt A. Locher

("Petitioners"), by their attorneys Krebsbach & Snyder, P.C., respectfully show and allege:

### Nature of the Case

1.        This is an action to confirm an arbitration award rendered in favor of Petitioners

dismissing the claims of Respondent GSI Commerce Solutions, Inc. ("GSI") in their entirety,

assessing forum fees against GSI, and recommending the expungement of all references to the

arbitration from the registration records of Petitioners.

### Jurisdiction

2.        This Petition is authorized by the Federal Arbitration Act, 9 U.S.C. § 9.

3.        Subject matter jurisdiction arises in this matter pursuant to 28 U.S.C § 1332 as the

parties are of diverse citizenship and the amount in controversy exceeds $75,000.

### Venue

4.        Venue is proper under 28 U.S.C. § 1391 (a) as a substantial portion of the events

giving rise to Petitioners' claim occurred in this judicial district.

## Parties

5.      Petitioner Sanford A. Haber ("Haber") resides in White Plains, New York, and is employed as an Executive Director at Oppenheimer & Co. Inc. in New York, New York.  Haber was formerly employed as Senior Vice President at Lehman Brothers Inc.'s branch office at 399 Park Avenue, 6th Floor, New York, New York 10022 (the "Park Avenue Office").

6.      Petitioner Neil J. Greenspan ("Greenspan") resides in New York, New York, and is employed as an Executive Director at Oppenheimer & Co. Inc. in New York, New York. Greenspan was formerly employed as an Associate at Lehman Brothers Inc.'s Park Avenue Office.

7.      Petitioner Joseph L. Arena ("Arena") resides in Colts Neck, New Jersey, and is retired.  Arena was formerly employed as a Managing Director at Lehman Brothers Inc.'s Park Avenue Office.

8.      Petitioner Kurt A. Locher ("Locher") resides in New York, New York, and is employed as Chief Financial Officer of One William Street Capital in New York, New York. Locher was formerly employed as a Managing Director at Lehman Brothers Inc.'s Park Avenue Office.

9.      Respondent GSI Commerce Solutions, Inc. ("GSI") is a Delaware corporation with its principal place of business in King of Prussia, Pennsylvania.   GSI maintained a brokerage account at Lehman Brothers Inc.'s Park Avenue Office.

## Statement of Facts

10.      On or about August 13, 2008, GSI commenced an arbitration before the Financial Industry Regulatory Authority ("FINRA") entitled *GSI Commerce Solutions, Inc. v. Lehman Brothers Inc., Sanford A. Haber, Neil J. Greenspan, Jeffrey L. Chernick, Joseph L. Arena and Kurt A. Locher,* Case No. 08-02857 (the "Arbitration"), by filing a Statement of Claim (the

"SOC"). A copy of the SOC, without exhibits, is annexed as Exhibit A to the accompanying Declaration of Katherine McGrail, dated March 24, 2010 ("McGrail Dec.").

11.     As set forth in the SOC (*see* p. 9), Respondent GSI entered into a Securities Account Limited Discretionary Authorization with Lehman Brothers Inc., dated September 16, 2003. A copy of the Securities Account Limited Discretionary Authorization is annexed as Exhibit B to the accompanying McGrail Dec. The Securities Account Limited Discretionary Authorization contains a provision requiring the arbitration of all disputes. *See* McGrail Dec., Ex. B, pp. 1-2. The Securities Account Limited Discretionary Authorization also provides as follows:

> Judgment upon an award rendered by the arbitrators may be entered in any court having jurisdiction thereof. This agreement shall be governed by the laws of the State of New York without giving effect to the choice of law or conflict of laws provisions thereof.

*See* McGrail Dec., Ex. B, p. 2.

12.     The SOC sought $15 million in compensatory and punitive damages, plus interest, attorneys' fees and other costs and expenses. *See* McGrail Dec., Ex. A, p. 39.

13.     On or about September 15, 2008, Lehman Brothers Inc. filed for bankruptcy, and all claims in the Arbitration against Lehman Brothers Inc. were automatically stayed. The Arbitration proceeded against the individual respondents.

14.     On or about November 12, 2008, Haber, Greenspan, Arena, Chernick, and Locher filed a joint Statement of Answer denying the allegations of wrongdoing set forth in the SOC and requesting dismissal of the claims against them. A copy of the Statement of Answer, without exhibits, is attached as Exhibit C to the accompanying McGrail Dec.

15.     In accordance with the FINRA Code of Arbitration Procedure, FINRA designated arbitrators who subscribed and swore to the oath of office as required by law.

16.   On December 7-11 and 14-17, 2009, the Arbitration hearings took place in Philadelphia, Pennsylvania.

17.   FINRA maintains a Central Registration Depository ("CRD") containing records of qualifications and disclosure histories of registered securities employees of FINRA member firms.

18.   At the Arbitration hearings, Haber, Greenspan, Arena, and Locher[1] requested expungement of the Arbitration from their CRD records and presented evidence in favor of their request.

19.   On December 24 and 28, 2009, the arbitrators signed and acknowledged an arbitration award (the "Award") wherein they dismissed GSI's claims in their entirety and assessed forum fees against GSI. The arbitrators' Award also recommended the expungement of all references to the Arbitration from the registration records of Haber, Greenspan, Arena, and Locher maintained by FINRA's CRD. With respect to Haber and Greenspan, the arbitrators made the affirmative finding that "the claim, allegation, or information is false." With respect to Arena and Locher, the arbitrators made the affirmative findings that (i) they were "not involved in the alleged investment-related sales practice violation, forgery, theft, misappropriation, or conversion of funds," and (ii) "the claim, allegation, or information is false." A copy of the Award is attached as Exhibit D to the accompanying McGrail Dec.

20.   The arbitration panel made the above affirmative findings based on the following reasons set forth in the Award: "Respondents complied with Claimant's investment policy guidelines. Claimant failed to specifically direct Respondents to change its investments. Respondents Arena and Locher were not involved until after the investments were made and did their best to assist Claimant, not harm it." *See* McGrail Dec., Ex. D, pp. 3-5.

---

[1] GSI voluntarily dismissed its claims against Jeffrey L. Chernick prior to the Arbitration hearing.

21.     On or about December 28, 2009, FINRA served a copy of the Award upon each party.

22.     On or about February 19, 2010, FINRA expressly waived in writing its right under FINRA Rule 2080 to be named as an additional party to this proceeding seeking the expungement relief contained in the arbitration Award, and to be served with all appropriate documents. A copy of the FINRA's waiver letter, dated February 19, 2010, is attached as Exhibit E to the accompanying McGrail Dec.

23.     This petition is brought within one year after the delivery of the Award to the parties. The Award has not been vacated or modified by order of any court of competent jurisdiction and is still in full force and effect.

### First Claim for Relief

24.     The Award dismissed GSI's claims in their entirety and assessed forum fees against GSI. The arbitrators' Award also recommended the expungement of all references to the Arbitration from the registration records of Haber, Greenspan, Arena, and Locher maintained by FINRA's CRD.

WHEREFORE, Petitioners respectfully pray for judgment as follows: (i) confirming in all respects the Award by the FINRA arbitration panel in the arbitration entitled *GSI Commerce Solutions, Inc. v. Lehman Brothers Inc., Sanford A. Haber, Neil J. Greenspan, Jeffrey L. Chernick, Joseph L. Arena and Kurt A. Locher*, Case No. 08-02857; (ii) directing the expungement of all references to the arbitration entitled *GSI Commerce Solutions, Inc. v. Lehman Brothers Inc., Sanford A. Haber, Neil J. Greenspan, Jeffrey L. Chernick, Joseph L. Arena and Kurt A. Locher*, Case No. 08-02857, from the registration records of Sanford A.

Haber, Neil J. Greenspan, Joseph L. Arena, and Kurt A. Locher maintained by FINRA's CRD;

and (iii) for such other and further relief as the Court deems just and proper.

Dated: New York, New York
      March 24, 2010

KREBSBACH & SNYDER, P.C.

By: _____
Theodore R. Snyder (TRS-6376)

One Exchange Plaza
55 Broadway, Suite 1600
New York, New York 10006
*Attorneys for Petitioners*
   *Sanford A. Haber, Neil J.*
   *Greenspan, Joseph L. Arena,*
   *and Kurt A. Locher*